UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BONDARY MCCALL, *et al.*,

    Plaintiffs,

v.

    Case No. 2:17-cv-00381
    JUDGE SMITH
    Magistrate Judge Deavers

FEDEX CORPORATION, *et al.*,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court upon Defendant Secretary of State John Husted's Motion to Dismiss (the "Motion"). Defendant Husted moved this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. 3). Defendant Husted's arguments in support of his 12(b)(1) motion were premised on the idea that Defendant Husted was being sued in his official capacity. Plaintiffs' response in opposition clarified that he is suing the Secretary of State in his personal, and not official, capacity. (Doc. 4). As such, Defendant Husted's reply brief focuses solely on the merits of his 12(b)(6) argument. (Doc. 8). Defendant Husted's Motion is fully briefed and ripe for review. For the following reasons, Defendant's Motion is **GRANTED.**

    **I.    BACKGROUND**

This case arises out of an event that occurred on April 19, 2016, where Plaintiffs' car was towed while in a parking lot controlled by FedEx Corporation ("FedEx")[1] at 180 North High Street, Columbus, Ohio. (Doc. 2, Compl. at ¶¶ 11–12). Plaintiff alleges there was a contract in

---

[1] FedEx's proper name is FedEx Office and Print Services, Inc. (Doc. 1, Notice of Removal at ¶1).

place between FedEx and Fumble Recovery LLC ("Fumble Recovery") that authorized Fumble Recovery to tow any unauthorized vehicle from the lot. (*Id*. at ¶ 11). Plaintiff Albert McCall parked his vehicle in the lot and entered the FedEx office, where Plaintiff Bondary McCall arrived shortly after. (*Id.* at ¶ 12). Both Albert and Bondary McCall used and paid for FedEx's services to send and receive faxed documents and received receipts of their respective transactions. (*Id.* at ¶¶ 12–13). While waiting for the completion of their faxed documents, Bondary McCall noticed the vehicle being towed outside the office by Fumble Recovery. (*Id.* at ¶ 13). Both Albert and Bondary McCall exited the building to stop the tow and showed the driver their FedEx receipts, but their efforts were unsuccessful and the vehicle was towed. (*Id.*) Plaintiffs returned to the store and demanded the vehicle be brought back. (*Id.*). The FedEx store manager indicated Fumble Recovery was a third-party contractor and there was a contract in place with the company that allowed for Plaintiffs' car to be towed. (*Id.*).

Plaintiffs are seeking to recover $50,000 each from Defendants Husted and FedEx, as well as attorneys' fees and court costs. (Doc. 2, Compl. at ¶ 25). Defendant Husted originally moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim due in part to the fact that it was unclear whether Plaintiff was suing Defendant Husted in his official or individual capacity. Plaintiffs' response in opposition clarified that he is suing the Secretary of State in his personal, and not official, capacity. As such, Defendant Husted's reply brief focused on Plaintiffs' failure to state a claim upon which relief can be granted. This Court will focus on the same.

## II. STANDARD OF REVIEW

Defendant brings this motion pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because Defendant has clarified that only Rule 12(b)(6) is applicable to Plaintiffs' claims, the Court need only consider Rule 12(b)(6).

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes,*

*Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

As a preliminary matter, the Court notes that every plaintiff in a case must sign the Complaint unless represented by an attorney pursuant to Rule 11(a) of the Federal Rules of Civil Procedure. Bondary McCall may not represent Albert and Richard McCall or any business entity without violating Ohio Revised Code § 4705.01. Ohio Revised Code § 4705.01 states: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules." Accordingly, Bondary McCall is permitted to represent himself and his own interests in this case, but he is not permitted to represent Albert or Richard McCall without proper licensing. Accordingly, both Albert and Richard McCall must sign the Complaint in this case or the Court must strike all of the allegations in the Complaint relating to their claims. Plaintiffs Albert and Richard McCall have fourteen days to file an amended complaint with their signatures or the signatures of a legal representative affixed or the Court will strike all of their claims from the Complaint. Ultimately, because the Court finds that the signatory issue has no bearing on the final outcome of the Motion, the Court proceeds with the merits of Husted's motion.

Defendant Husted has moved to dismiss Plaintiffs' Complaint against him for lack of subject matter jurisdiction and for failure to state a claim. The Court need not address Defendant Husted's jurisdictional arguments as those relied on the assumption that Plaintiff brought a claim

4

against him in his official capacity. The arguments regarding Plaintiffs' failure state a claim upon which relief can be granted, which the Court will discuss below.

**A.      Motion to Dismiss Pursuant to Rule 12(b)(6)**

Defendant Husted argues that Plaintiffs' Complaint fails to state a claim against him because the Complaint is devoid of any factual allegations to support a demand for monetary damages against him. (Doc. 3, Mot. at 3; Doc. 8, Reply at 1). Plaintiffs' response in opposition counters only with one vague, conclusory statement: "The administrative process was completed and DEFENDANT didn't cooperate." (Doc. 5, Resp. at 3).

In determining whether a plaintiff has failed to state a claim, the *Twombly* Court stated "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Balsley v. Kasich*, No. 2:12-CV-844, 2013 WL 5274584, at *1 (S.D. Ohio Sept. 18, 2013) (Sargus, C.J.) (citing *Iqbal*, 556 U.S. at 678). "'Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.'" *Williams v. Hopkins*, No. CIV. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

The Court agrees with Defendant Husted's contention that the Complaint does not allege facts with sufficient specificity against Defendant Husted. The Complaint alleges that the vehicle was improperly towed from a FedEx parking lot and does not articulate any factual (or legal) grounds on which Plaintiffs is basing his claim for monetary damages against Defendant

5

Husted. Plaintiffs urge the Court to "stick to the facts." (Doc. 8, Reply at 3). Because Plaintiff has provided no facts pertinent to Defendant Husted for this Court to "stick to," Plaintiffs' claim against Defendant Husted must be dismissed.

## IV. CONCLUSION

Based on the aforementioned discussion, Defendant John Husted's Motion to Dismiss is **GRANTED**. Accordingly, Defendant John Husted is dismissed from the case. The Clerk shall **REMOVE** Document 3 from the Court's pending motions list. Plaintiffs have **14 days** from the date of this Order to amend the Complaint to comply with Rule 11(a) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                               _/s/ George C. Smith_
                               **GEORGE C. SMITH, JUDGE**
                               **UNITED STATES DISTRICT COURT**