# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BONDARY MCCALL,**

    **Plaintiff,**

vs.                                      **Case No.: 2:17-cv-381**
                                              **JUDGE GEORGE C. SMITH**
                                              **Magistrate Judge Deavers**

**FEDEX CORPORATION,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bondary McCall's Motion for Summary Judgment. (Doc. 11). Defendant FedEx Corporation ("FedEx")[1] has responded in opposition and Plaintiff replied in support. This matter is now ripe for review.[2] For the reasons that follow, Plaintiff's Motion is **DENIED**.

### I.     BACKGROUND

This case arises out of an event that occurred on April 19, 2016, in which Plaintiff's car was towed while in a parking lot controlled by FedEx at 180 North High Street, Columbus, Ohio. (Doc. 12, Am. Compl. at ¶¶ 12–13). Plaintiff alleges, and Defendants confirm, that there was a contract between FedEx and Fumble Recovery LLC ("Fumble Recovery") that authorized Fumble Recovery to tow any unauthorized vehicle from the lot. (*Id*. at ¶ 12; Doc. 53-1, Keim Aff. ¶ 4, attached to Def.'s Response). Non-party Albert McCall parked their vehicle, a gray Ford Edge, license plate number GRY-9445, in the lot and went directly into the FedEx office,

---

[1] FedEx's proper name is FedEx Office and Print Services, Inc. (Doc. 1, Notice of Removal at ¶1).
[2] Defendants have also moved for summary judgment on Plaintiff's claims against them (Doc. 53), and the Court will address that motion after it is fully briefed.

and Plaintiff Bondary McCall walked in shortly after. (*Id.* at ¶ 13). Both Albert and Bondary McCall used and paid for FedEx's services to send and receive faxed documents and received receipts of their respective transactions. (*Id.* at ¶¶ 13–14). While waiting for the completion of their faxed documents, Bondary McCall noticed the vehicle being towed outside the office by Fumble Recovery. (*Id.* at ¶ 14). Both Albert and Bondary McCall exited the building to stop the tow and showed the driver their FedEx receipts, but their efforts were unsuccessful and the vehicle was towed. (*Id.*).

Plaintiffs returned to the store and demanded the vehicle be brought back. (*Id.*). Despite alleging that the FedEx store manager indicated that there was nothing they could do, Brenda Keim stated that she called Fumble Recovery and the tow truck returned Plaintiff's car to the FedEx parking lot within 15 minutes of it being removed. (Doc. 52-1, Keim Aff. ¶ 6). Ms. Keim stated that "[t]he decision to tow the Plaintiff's vehicle was made by the Fumble Recovery, LLC spotter in his sole discretion and without any input from or consultation with myself or any other employee at the FedEx Office facility." (*Id.* at ¶ 5). She further clarified that "[a]t no time on the date of this incident did I or anyone from FedEx Office direct or authorize Fumble Recovery, LLC to tow or remove the Plaintiff's vehicle from the FedEx Office parking lot." (*Id.* at ¶ 9).

Plaintiff Bondary McCall is seeking to recover $150,000 from Defendant FedEx, as well as attorneys' fees and court costs. (Doc. 12, Compl. at ¶ 26).[3]

---

[3] Defendant Husted was previously dismissed from this case. (Doc. 10, May 23, 2017 Opinion and Order).

## II. STANDARD OF REVIEW

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party

and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). But self-serving affidavits alone are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

## III. DISCUSSION

Plaintiff appears to be bringing a claim for unlawful seizure of his property against Defendant FedEx and seeking judgment on an administrative action as a result of his car being towed from the FedEx parking lot on April 19, 2016. Plaintiff's Motion for Summary Judgment states:

1. On the 25th day of February, 2017 A.D., Plaintiff requested notarial services by Linda Brown, a notary public for the County of Franklin, Ohio. Plaintiff requested that Ms. Brown re-present the instrument upon the defendants, informing them that they were in default.

2. On the 8th day of March, 2017 A.D., Ms. Brown exercised a Notice of Fault – Opportunity to Cure and gave them an additional three (3) days to respond.

3. On the 15th day of March, 2017 A.D., Ms. Brown issued a NOTICE OF NON-RESPONSE AND ESTOPPEL (FOREIGN JUDGMENT) in favor of the Plaintiffs against the defendants.

(Doc. 11, Pl.'s MSJ at 1–2). Plaintiff's Complaint does not offer much more by way of specificity. Plaintiff has not set forth any specific claims for relief in his Complaint, or his Amended Complaint. He includes a section entitled "LEGAL CLAIMS" which states:

19. Plaintiffs is [sic] entitled to relief in this equitable claim.

> 20. Defendants is [sic] stopped for failure to respond to the original administrative process.
> 21. Plaintiffs has [sic] placed the facts and the law before this honorable court.

(Doc. 2, Pl.'s Compl. at ¶¶ 19–20).[4]

Defendant FedEx argues that Plaintiff failed to renew his motion for summary judgment following the filing of his Amended Complaint on June 5, 2017, and it should therefore be deemed moot.[5] Defendant is incorrect; Plaintiff's motion is not moot. The filing of an amended complaint does not render the pending motion for summary judgment moot unless the motion pertained to claims that were removed in the Amended Complaint. *See Enyart v. Karnes*, 2010 U.S. Dist. LEXIS 120411, *6 (S.D. Ohio 2010) (King, M.J.) ("Because plaintiff's anticipated amended complaint only adds new parties that do not change the substantive allegations against defendant Karnes . . ., the anticipated amended complaint will not moot defendant Karnes's pending motion for summary judgment."); *see also Rogers v. Metropolitan Life Ins. Co.*, 1993 U.S. Dist. LEXIS 21313, *8-9 (S.D. Ohio 1993) (Rice, J.) (originally filed motion for summary judgment not deemed moot because the amended complaint contained the same claim).

The Court has carefully reviewed Plaintiff's original Complaint (Doc. 2) and his Amended Complaint (Doc. 12) and finds that he has made some minor corrections, but has not changed the substance of the allegations. In his Amended Complaint, Plaintiff removed the additional plaintiffs and Defendant Husted from the case caption. He also added an introduction and a venue paragraph. (Doc. 12, Am. Compl. ¶¶ 1, 5). The only other change is the demand amount has increased from $50,000 for each plaintiff, to $150,000 for Plaintiff. (*Id*. at ¶ 26). All

---

[4] Plaintiff's Amended Complaint (Doc. 12) contains the exact same language as set forth above except the paragraphs are numbered 20–22.
[5] The Court is unsure why, if Defendant believed Plaintiff's Motion to be moot, it moved on three separate occasions, after Plaintiff filed his Amended Complaint, for extensions of time to respond to Plaintiff's Motion for Summary Judgment. (*See* Docs. 15, 30, and 39).

of Plaintiff's substantive arguments are the same in both his original complaint and his amended complaint; therefore, his original motion for summary judgment is not moot.

In the alternative, and in seeking summary judgment on Plaintiff's claims, Defendant argues that Plaintiff cannot establish that Defendant trespassed, unlawfully seized, or damaged his property. The Court agrees.

Plaintiff has failed to sufficiently allege any facts to support a claim against FedEx. In fact, all of the alleged actions in this case were made by third party, Fumble Recovery. The only evidence presented with respect to FedEx establishes that Plaintiff was a customer of FedEx when his car was towed. However, Plaintiff has not set forth any legal ground upon which to recover money damages from FedEx. Plaintiff has not submitted any evidence that he suffered any type of harm as a result of the alleged actions in this case. Plaintiff has not alleged harm to his property, to the car that was towed, or to his person. The car was immediately returned to Plaintiff and he was merely inconvenienced.

Therefore, because Plaintiff has not established the elements to prove any claims against Defendant FedEx, nor has he alleged any specific actions taken by FedEx, he is not entitled to judgment against FedEx. Further, there does not appear to be any underlying administrative action that is subject to this Court's review or upon which judgment could be granted. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**.

The Clerk shall remove Document 11 from the Court's pending motions list.

    **IT IS SO ORDERED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**