# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BONDARY MCCALL,**

    **Plaintiff,**

vs.                                        **Case No.: 2:17-cv-381**
                                            **JUDGE GEORGE C. SMITH**
                                            **Magistrate Judge Deavers**

**FEDEX CORPORATION,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant FedEx Office & Print Services, Inc.'s ("FedEx") Motion for Summary Judgment. (Doc. 53). Plaintiff Bondary McCall has not technically responded in opposition, but has filed a Notice and two letters to the Court. (Docs. 54, 57, and 58). Defendant has replied and this matter is now ripe for review.

**I.    BACKGROUND**

Plaintiff Bondary McCall initiated this case in the Franklin County Court of Common Pleas on April 3, 2017. (*See* Doc. 2). Defendants removed the case to this Court on May 4, 2017. (Doc. 1). In his Amended Complaint, Plaintiff alleges that on April 19, 2016, he parked in the FedEx parking lot and entered FedEx to send a fax. (Doc. 12, Am. Compl. ¶ 13–14). While in the FedEx store, Plaintiff observed his vehicle being towed by a Fumble Recovery tow truck. Plaintiff ran out of the store and confronted the tow truck driver. Plaintiff provided a receipt from the store. The tow truck driver ultimately left with Plaintiff's vehicle. Plaintiff then returned to the FedEx store and spoke with the store manager, Brenda Keim, and demanded that his car be returned. (*Id*. at 14). Plaintiff's car was then returned to the FedEx parking lot within

fifteen minutes. (Docs. 53-1 and 53-3). Defendant asserts that the decision to tow Plaintiff's car was made by Fumble Recovery's spotter, not by any employee of FedEx. Rather, it was FedEx employee Brenda Keim who assisted in getting Plaintiff's car returned so quickly. Plaintiff initiated this lawsuit seeking damages based on claims for unlawful seizure, trespass, and removal of his vehicle.

## II. STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts

showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). But self-serving affidavits alone are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

## III. DISCUSSION

Plaintiff appears to be bringing a claim for unlawful seizure of his property against Defendant FedEx and seeking judgment on an administrative action as a result of his car being towed from the FedEx parking lot on April 19, 2016. Defendant moves for summary judgment on these claims.

As discussed in the Court's Opinion and Order denying Plaintiff's Motion for Summary Judgment, Plaintiff has failed to sufficiently allege any facts to support a claim against FedEx. Further, Defendant asserts that Plaintiff has failed to respond to discovery to establish a genuine issue of material fact. All of the allegations in Plaintiff's Amended Complaint suggest that the actions taken with respect to the towing of Plaintiff's car were made by a third party, Fumble

Recovery.[1] The only evidence presented with respect to FedEx establishes that Plaintiff was a customer of FedEx when his car was towed. Plaintiff has not set forth any legal ground upon which to recover money damages from FedEx. Plaintiff has not submitted any evidence that he suffered any type of harm as a result of the alleged actions in this case. Plaintiff has not alleged harm to his property, to the car that was towed, or to his person. The car was immediately returned to Plaintiff and he was merely inconvenienced.

Therefore, because Plaintiff has not established the elements to prove any claims against Defendant FedEx, nor has he alleged any specific actions taken by FedEx, Defendant FedEx is entitled to summary judgment on Plaintiff's claims. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

Given that Plaintiff's claims against FedEx have been dismissed, if FedEx no longer wishes to prosecute its third party claim against Fumble Recovery, FedEx should file a notice of voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure so that the Court may close this case.

The Clerk shall remove Document 53 from the Court's pending motions list.

    **IT IS SO ORDERED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**

---

[1] On August 21, 2017, Defendant FedEx filed a Third Party Complaint against Fumble Recovery, LLC. However, to date, Fumble Recovery still has not been served. (*See* Doc. 21).